STEPHEN D. DEMIK (Bar No. 221167)
(E-Mail: stephen.demik@demiklaw.com)
10751 Rose Avenue, 306
Los Angeles, California 90034
Telephone: (619) 813-4347
Facsimile: (605) 341-0716

Attorney for Defendant
DAWONOVAN GIPSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAWONOVAN GIPSON, <br> Defendant. | Case No. CR 21-CR-124-DMG-2 <br><br> **DEFENDANT'S SENTENCING POSITION** |

Defendant Dawonovan Gipson, by and through his attorney of record, Stephen D. Demik, hereby files his Sentencing Memorandum.

Respectfully submitted,

DATED: April 5, 2022          By  */s/ Stephen D. Demik*
                                    STEPHEN D. DEMIK
                                    Counsel for Dawonovan Gipson

## SENTENCING REQUEST

Mr. Gipson grew up in the projects and struggled with education, being raised by a single mother who had him when she was just 16 years old. As reflected in the psychological assessment of Dr. Kirschenbaum (attached as Exhibit A), Mr. Gipson's cognitive deficits are significant, and his overall IQ is just nine points above the threshold for a diagnosis of cognitive impairment. The assessment also details much of the trauma Mr. Gipson suffered as a child growing up in an area where there is not much opportunity for a young man to thrive or prosper. As such, Mr. Gipson joined a gang and participated in criminal activity that resulted in his involvement in the criminal justice system at an immature age.

Despite his background and upbringing, Mr. Gipson is supported by many people who recognize his potential for goodness and light. Exhibit B consists of several letters that were submitted on his behalf, and a "tribute video" was uploaded on the internet, which Mr. Gipson respectfully requests the Court watch. It can be found at bit.ly/dawanovangipson

With all these equities considered in tandem with the offense conduct and background and characteristics information in the presentence report (PSR), Mr. Gipson requests an adjustment of his criminal history category and asks the Court to consider the 18 U.S.C. Section 35553(a) factors to arrive at a sentence of **36 months custody, followed by three years of supervised release.** Under the parsimony principle of 18 U.S.C. § 3553(a), this sentence is sufficient but not greater than necessary to satisfy the sentencing goals in this case.

## THE GUIDELINES

While PSR calculates Mr. Gipson's criminal history points as nine,[1] which results in a Criminal History Category IV instead of V, Mr., Gipson agrees that his CHC is V when the two points for being under a criminal justice sentence and the tenth

---

[1] PSR, ¶ 45.

point on page 11 are applied. However, an adjustment for over-representation of criminal history under U.S.S.G. Section 4A1.1(b)(1) is warranted here.

With respect to criminal history, there is evidence that Mr. Gipson's criminal history category "substantially overrepresents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S.S.G. Section 4A1.3(b)(1). His criminal history essentially consists of three major felonies for which he arguably received overly harsh punishments. He received a seven-year sentence for being arrested alone in a residence with 106 solids of crack and $339, a likely result of his gang membership and involvement more than actual "kingpin" conduct. He received a 16-month sentence for attempting to cash one forged check. For the third felony, he received a 2-year sentence for possessing a firearm, which he discharged successfully. The conclusion that the guidelines' criteria for criminal history overrepresents the likelihood that he will reoffend is bolstered by his longstanding membership to a gang known for its involvement in crack cocaine distribution. These facts weigh in favor of a CHC IV instead of V.

As the sentencing mitigation materials and video show, Mr. Gipson has hope and a dedicated support network willing to help him when he is release from custody. His strong support network will ensure that he does not make the same mistakes and end up in the criminal justice system again.

## CONCLUSION

For the foregoing reasons, Mr. Gipson respectfully requests a sentence of three years custody, followed by three years of supervised release. Mr. Gipson also requests a recommendation that he be placed in Southern California so that his family may visit him. He also asks for a recommendation for the 500-hour RDAP program.

Respectfully submitted,

DATED: April 5, 2022                By */s/ Stephen D. Demik*
                                    STEPHEN D. DEMIK
                                    Attorney for Dawonovan Gipson