TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-8323
     Facsimile:    (213) 894-0141
     E-mail:  Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-124-DMG-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DAWANOVAN GIPSON |
| v. | |
| DAWANOVAN GIPSON, aka "Wano" | Sentencing Date: April 19, 2022<br>Sentencing Time: 11:00 AM |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremiah Levine, hereby files its sentencing position regarding defendant Dawanovan Gipson.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter prepared by the United States Probation Office, and any other evidence or argument that the Court may wish to consider at the time of sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: April 4, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /s/ Jeremiah Levine
JEREMIAH LEVINE
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Dawanovan Gipson ("defendant") is a serial drug dealer and a member of a violent street gang.  In the instant case, defendant helped sale crack cocaine and then intimidated and exposed a confidential informant and witness against him.  Defendant can be expected to continue such crimes unless he is removed from the public for a significant time.

The Presentence Investigation Report ("PSR") issued by the United States Probation Office ("USPO") at docket number 82 calculates a Guidelines range of 70 to 87 months' imprisonment based on a total offense level of 21 and a criminal history category of V.  (PSR ¶ 92.)  The USPO recommends a low-end sentence of 70 months' imprisonment, three-years' supervised release, and a $100 special assessment.  (Dkt. 81 ["Rec. Letter"] at 1.)

The government objects to USPO's Guidelines calculation and its recommendation.  The government calculates a total offense level of 19, and a criminal history category of V.  The government recommends a high-end sentence of 70 months' imprisonment, three-years' supervised release, and a $100 special assessment.

**II.   OFFENSE CONDUCT**

Defendant is a member of the Bounty Hunter Bloods, a street gang that perpetrates significant violence and, with defendant's help, distributes crack cocaine in Los Angeles, California.  Defendant, at age 24, is still young, but has already accumulated four adult convictions.  And they are not limited to controlled substance offenses: most notably, defendant has also been convicted of being a felon in possession of a firearm.  As described below, he also took

3

deliberate steps to expose and intimidate a confidential source and witness against him.  In short, defendant is a dangerous man.

On July 15, 2019, defendant arranged a crack cocaine transaction between his co-defendant, Michael Wilson, and a person he believed was a drug customer, but who was, in fact, a confidential source (CS) working with law enforcement.  (PSR ¶ 11.)  That same day, defendant, along with Wilson, met with the CS at a TGI Fridays restaurant in Compton, California. (Id. at ¶ 12.)  Wilson provided the CS with approximately 23.8 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine. (Id.)  Defendant collected $1,050 from the CS as payment for the crack cocaine provided by Wilson.  (Id.)

Sometime during the summer of 2021, while viewing discovery related to the charges against him in the instant case, defendant surreptitiously recorded on his phone the audio portion of the recorded video taken during the July 15, 2019, transaction.  (Id. ¶ 13.)  This video was subject to a protective order because it identified the CS to whom defendant and Wilson had sold crack cocaine.  (Id.)  On the evening of August 5, 2021, defendant called the CS and knowingly used intimidation or threats to influence the CS and/or cause the CS to withhold his/her testimony.  (Id.)  Further, defendant caused the recorded video of the July 15, 2019, controlled drug transaction to be posted on a public Instagram account, thereby revealing the CS's voice to the public in violation of the protective order.  (Id.)  At the time that defendant did so, he was released on bond, with terms and conditions that expressly forbade him from intimidating any witness or tampering with, harassing, or retaliating against the CS in the case.  (Id.)

**III. GUIDELINES CALCULATION**

The USPO determined that defendant has a criminal history score of 10 and falls within criminal history category V. (PSR ¶ 45.) The United States concurs with this calculation.

The USPO also calculates indicates a total offense level of 21, calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2D1.1(c)(9) |
| Obstruction of Justice | +2 | U.S.S.G. § 3C1.1 |
| Acceptance of responsibility: | -3 | U.S.S.G. §§ 3E1.1(a), (b) |
| Total offense level: | 21 | |

Based on a total offense level of 21 and a criminal history category of V, the USPO calculates defendant's Guidelines range as 70 to 87 months' imprisonment. (PSR ¶ 92; U.S.S.G. § 5A.) Defendant's Guidelines also call for a supervised release term of three years under 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 5D1.2(c). (PSR ¶¶ 94,95.)

The government concurs with the USPO's offense level computation, except that the government believes that the obstruction of justice enhancement should not be applied, making defendant's total offense level 19. Defendant's plea agreement entitles defendant to appeal his sentence if he is sentenced at an offense level above 19. If defendant is sentenced at the high end of offense level 19, his sentence of 71 months is nearly the same as the 70 months that the USPO recommends.

**IV. An 71-MONTH HIGH-END SENTENCE IS APPROPRIATE BASED ON THE RECORD AS A WHOLE**

Based on the calculations above and the factors set forth in

5

18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to 71 months' imprisonment, which is the high end of the applicable Guidelines range, a three-year period of supervised release, and a $100 special assessment.

The recommended sentence is supported by defendant's wrongful conduct. First of all, defendant's drug sale alone justifies a Guidelines sentence. Defendant conspired to and did assist in selling a significant quantity of crack cocaine, a highly dangerous drug.

It is defendant's witness intimidation and dangerous serial recidivism that justify sentencing defendant at the high end of the Guidelines range. After numerous previous felony convictions, and after being caught in the instant case, defendant showed no remorse or desire to reform. Instead, while reviewing discovery, defendant deliberately and secretly recorded the voice of the confidential informant and witness against him. Defendant did so in violation of a protective order that this Court instituted specifically to prevent such acts. Defendant then posted the recording on Instagram so that anyone could intimidate or even violently retaliate against the witness.

Defendant also took the additional step of contacting the witness himself. On August 15, 2021, defendant called the witness to intimidate him/her into declining to testify. Given that defendant is a gang member with a previous firearms conviction, intimidation from him is serious.

Finally, defendant should be sentenced to three years' supervised release. Defendant has served multiple periods of incarceration for his past felonies, and yet has decided to reoffend

egregiously.  After his release for the instant crime, he will need the structure of supervised release to reenter civilian life.

## V.     CONCLUSION

For the foregoing reasons, the government respectfully requests the imposition of a sentence of 71 months' imprisonment, a three-year term of supervised release, a mandatory special assessment of $100, and otherwise in accord with the recommendations of the USPO.